UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALLEJO ENTERTAINMENT LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>    *Defendants.* | Case No. 1:22-cv-01548-RCL |

## MEMORANDUM ORDER

Upon consideration of the defendants' motion to stay this case pending the D.C. Circuit's issuance of a decision in *Concert Investor LLC v. Small Business Administration*, No. 22-5253 (D.C. Cir.), Def.'s Mot. to Stay ("Def.'s Mot."), ECF No. 20, the plaintiff's opposition, Pl's. Mem. Opp'n, ECF No. 21, the defendant's reply, Def.'s Reply, ECF No. 22, the applicable law, and the whole record, the Court **GRANTS** the motion and **ORDERS** that the case be stayed until resolution of *Concert Investor* in the D.C. Circuit.

### I.   LEGAL STANDARD

The Court's authority to order a stay is well established. "The power to stay proceedings is incidental to the power inherent in every court to control . . . its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In considering a stay pending resolution of independent proceedings, a court "'must weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55). A stay cannot be indefinite

1

or "oppressive in its consequences" and should promote "public welfare or convenience." *Landis*, 299 U.S. at 256.

If there is a "fair possibility" that the stay will harm "someone else," the movant must "make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. At the same time, a party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted." *Id.* at 256.

## II.   DISCUSSION

Courts in this District have stayed multiple cases pending resolution of *Concert Investors* because it is poised to answer a jurisdictional question that may render the cases moot – the same jurisdictional question present in this case.[1] *Champion Matters LLC v. Small Business Administration*, Civ. A. No. 22-0616-RDM, Minute Order (Feb. 13, 2023); *Sokol World Ent., Inc. v. Small Business Administration*, Civ. A. No. 21-2385-TSC, Minute Order (Feb. 15, 2023). A stay will very likely conserve significant judicial and party resources that would otherwise be needed to brief the issues. Given the balance of economic gains against a lack of a fair possibility of harm to the plaintiff, the Court will stay this case pending resolution of *Concert Investors* in the D.C. Circuit.

### A. Judicial Economy Favors a Stay

A stay may be granted for the "economy of time and effort for [the Court], for counsel and for litigants." *Landis*, 299 U.S. at 254. To determine whether economy supports a stay, courts often consider the length of the stay; whether the independent proceeding will decide an issue dispositive for or important to the stayed case; and how likely it is that the issue will be decided. *See Belize*,

---

[1] The question is whether a court can order the obligation of funds that Congress has rescinded from the Shuttered Venues Operators Grant (SVOG) Program and therefore whether a lack of possibility of relief renders the cases moot. Def.'s Reply, ECF No. 22 at 2–4.

2

668 F.3d at 732 (explaining that a stay cannot be indefinite, which occurs when the record does not show what resolution of a case would entail or when it is likely to be reached); *Nat'l Indus. for Blind v. Dep't of Veterans Aff.*, 296 F. Supp. 3d 131, 142–43 (D.D.C. 2017) (considering whether an independent appellate proceeding would reach the legal issue present in the stayed case and how likely it was to entirely resolve the stayed case); *Univ. of Colorado Health at Memorial Hospital v. Burwell*, 233 F. Supp. 3d 69, 87 (D.D.C. 2017) (considering whether an independent appellate proceeding would have a preclusive effect on the stayed case).

Defendants point to many reasons why a stay would promote judicial economy. First, *Concert Investor* will almost assuredly answer a key question potentially dispositive in this case: whether congressional rescission of unobligated funds from the Shuttered Venue Operators Grant (SVOG) Program prevents courts from providing relief. Brief for Appellee at 17, *Concert Investor*, No. 22-5253 (D.C. Cir.), Doc. No. 1995504; Def.'s Mot. 2–3. If a court cannot provide the relief sought, the case is moot and the court loses jurisdiction. *Zukerman v. U.S. Postal Serv.*, 961 F.3d 431, 442 (D.C. Cir. 2020). A court must answer this jurisdictional question before reaching the merits. *Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021) ("[W]e must decide jurisdictional questions before merits ones."). Consequently, the question common to this case and *Concert Investor* is both necessary and potentially dispositive.

A stay would also be finite. The parties in *Concert Investor* have already begun submitting briefs and final briefs are due July 17, 2023. Clerk's Order (Apr. 24, 2023) *Concert Investor*, No. 22-5253 (D.C. Cir.). That puts a clear and finite timeline on the length of a stay here.

Plaintiff asserts that a stay is unlikely to promote judicial economy because defendants have not shown a likelihood of prevailing on the merits in *Concert Investor*. Pl's. Mem. Opp'n 5. However, the likelihood of the movant prevailing on the merits is considered for a stay pending

appeal, not a stay pending resolution of independent proceedings. *See Cuomo v. United States Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (setting out the standard for a stay pending appeal). In the latter scenario, what matters is that the independent proceeding will very likely decide an issue common to both cases, not that it decides the issue in a particular way. While a decision mooting the stayed case would provide even stronger evidence that a stay is warranted, it is not essential.

Overall, the Court is persuaded that a stay pending resolution of *Concert Investor* will promote efficient use of the court's and parties' resources because *Concert Investor* is nearly certain to resolve a core issue in this case shortly.

### B. The Balance of Hardship to The Parties Favors a Stay

If there is a "fair possibility" that the stay will "work damage" to the plaintiff's interests, the movant must make a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Defendant claims that it need not make such a case because there is no fair possibility of harm to plaintiff. The Court agrees.

Plaintiff makes two claims of harm. First, any delay would exacerbate the financial harm it suffered during the pandemic. Pl.'s Mem. Opp'n. 9. Even if there is a fair possibility of continued financial harm (although plaintiff has not demonstrated it), it would be caused by the lack of SVOG funds for dispersal, not a stay.[2] The Small Business Administration ("SBA") declared that due to the rescission, "there are no remaining unobligated funds to make any awards in this case, or any other case. . . . [I]t cannot approve, through reconsideration or otherwise, any further SVOG grants." Decl. of Allison Richards, Ex. 1 to Def.'s Reply ¶ 12, ECF No. 22. Plaintiff asserts that

---

[2] Plaintiff hasn't submitted any evidence that further delay would impact its finances. It demonstrated revenue loss during the pandemic shutdown. Pl.'s Amended Compl. ¶ 22, ECF No. 14. It asserts that it still has debt. Pl.'s Mem. Opp'n. 2. But plaintiff has since begun operating again and hasn't shown anything related to its current financial state (debt owed, debt to asset ratio, current revenue, etc.).

4

funds will likely become available. Pl.'s Mem. Opp'n. 7–8. But absent a claim that funds are currently available or will become available within the expected short duration of the stay, brief delay does not prevent plaintiff from lining up to collect funds, if indeed it ultimately prevails.

Plaintiff also claims that "with each passing day" the risk increases that it won't receive funding if it prevails on the merits. Pl's. Mem. Opp'n 9–10. But plaintiff contradicts this very point. In support of its argument that the case is not moot, plaintiff states that SBA "assured SVOG plaintiffs in public Court filings . . . that funds would remain available for *all* cases currently pending." *Id.* at 6; *see also* Def.'s Notice 1–2, ECF No. 7.[3] As above, SBA's current position is that no funds are currently available. In either scenario, a short delay would not clearly impact plaintiff's financial state. It will either have access to the funds claimed by succeeding on the merits, or the funds were never available in the first place.

While courts should only cautiously delay the administration of justice, a stay is appropriate if it results in an efficient and accurate decision, so long as the gains outweigh the harm. Here, the harm to plaintiff is unclear while the efficiency gains are clear, certain, and definite.

### III.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the motion for a stay is **GRANTED** and the case shall be stayed until resolution of *Concert Investor* in the D.C. Circuit. The clerk is **ORDERED** to administratively terminate this case on the active docket of this Court.

It is hereby **ORDERED** that the parties shall submit a joint status report every sixty days updating the Court on the status of *Concert Investor* and then within fourteen days of the district court in *Concert Investor* receiving a mandate from the D.C. Circuit. Within thirty days of the

---

[3] "SBA estimates that there is ample funding remaining to cover the potential liability in this case, as well as the other pending cases." Def.'s Notice 1–2.

mandate being issued in *Concert Investor*, either party may ask this Court to reinstate the case on the active docket of this Court.

**IT IS SO ORDERED.**

Date: May __4__, 2023

Royce C. Lamberth
United States District Judge